Case 10-01888-RTL    Doc 1    Filed 07/15/10    Entered 07/15/10 15:55:29    Desc Main
Document      Page 1 of 3

TEICH GROH
691 State Highway 33
Trenton, New Jersey, 08619
(609) 890-1500
Attorneys for Trustee
BARRY W. FROST

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In the Matter of:

PATRICIA A. WESTOVER

    Debtor.

-----------------------------------

BARRY W. FROST, Chapter 7 Trustee

*vs.*

Patricia A. Westover, Charles Novins, Esquire
Natalee Picillo, Esquire, William Westover and
Eugene D. Roth, Esquire

-----------------------------------

Chapter 7 Proceeding

Case No.:    09-35920-RTL

Adversary Case No.

## COMPLAINT FOR TURNOVER OF ESCROW FUNDS
## AND TO RECOVER POST-PETITION PAYMENTS

    Barry W. Frost, Chapter 7 Trustee, with offices at 691 State Highway 33, Trenton, New Jersey, by way of complaint says that:

    1.    The debtor, Patricia Westover filed for relief under Chapter 7 of the Bankruptcy Code on September 30, 2009.

    2.    The plaintiff is the duly selected and qualified Trustee.

    3.    This Court has jurisdiction over this matter pursuant to 28 U.S.C.157 and 28 U.S.C.1334.

4. This is a core proceeding pursuant to Section 157(b)(1) of Title 28 of the United States Code.

5. The Trustee seeks to compel the defendants to turn over all of the funds which were in the attorney's trust account as of the date of the filing of the Chapter 7 petition, which was $55,274.53.

6. Prior to the filing of the petition, funds were placed into the trust account of Charles Novins, Esquire, arising out of the sale of real property.

7. As Chapter 7 Trustee, these funds were property of the Chapter 7 state as set forth in 11 U.S.C.§541.

8. The Trustee has demanded turnover of these funds, but turnover has been denied.

9. Each of the defendants are named to this suit as they have asserted claims to the escrowed funds.

10. Within 30 days of the filing of the petition, the defendants received funds from the escrowed monies, which funds were property of the debtor estate.

11. The funds that were paid to the various defendants from the escrowed funds may have been preferences as defined in 11 U.S.C.§547.

12. The funds which were turned over to the various defendants after the filing of the petition were post-petition transactions which should be voided pursuant to 11 U.S.C.§549.

WHEREFORE, plaintiff demands judgment against the defendants as follows:

1. To compel turnover of all escrowed funds.

2. To recover from the defendants, all payments made within ninety (90) days of the filing of the petition which are preferences as defined in 11 U.S.C.§547.

3. To compel each of the defendants to turnover to the Trustee all funds received after the filing of the Chapter 7 petition, as post petition transactions, which should not have occurred and which are voidable pursuant to 11 U.S.C.§549.

4. To compel each of the defendants to prove any claims that they might assert as against the escrowed funds.

5. To compel an accounting of all funds which are property of the debtor estate and which were placed in escrow.

6. For such other and further relief as deemed just and equitable.

                                        TEICH GROH
                                        Attorneys for Plaintiff
                                        */s/ Barry W. Frost*

                                        By:_____
                                             BARRY W. FROST

Dated: 7/15/10